## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DON AMECHE LEVERN WRIGHT, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:23-CV-450-L-BH |
| | ) | |
| GREGORY WAYNE ABBOTT, et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

### I.  BACKGROUND

On February 28, 2023, a civil rights complaint was received from the *pro se* plaintiff. (*See* doc. 3.) By *Notice of Deficiency and Order* dated March 2, 2023, he was notified that his filing did not comply with the requirement in Fed. R. Civ. P. 8(a) of a "short and plain statement of the claim showing that [he was] entitled to relief," and he was ordered to submit a legible compliant amended complaint that identified his claims against the defendants on the proper form within fourteen days. (*See* doc. 4.) He was also notified that he had neither paid the filing fee nor sought leave to proceed *in forma pauperis* (IFP), and he was ordered to file a fully completed and signed IFP application on the enclosed form within fourteen days. (*See id.*) He was specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*)

On March 14, 2023, the plaintiff's amended complaint and IFP motion were received, and he was granted leave to proceed IFP. (*See* docs. 5, 8-9.) On March 16, 2023, he was sent a

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

magistrate judge's questionnaire to obtain more information about his claims. (*See* doc. 10.) It specifically advised him that his answers were due within fourteen days, and that a failure to file his answers could result in the dismissal of the case. (*See id.*) On March 29, 2023, he filed a discovery motion and discovery requests, but he did not provide answers to the questionnaire. (*See* docs. 11, 12.) His discovery motion was denied, and his discovery requests were ordered unfiled, and he was reminded that he had not yet responded to the questionnaire. (*See* doc. 13.)

Well more than fourteen days from the date of the questionnaire have passed, but the plaintiff has not filed his questionnaire answers or anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with an order to respond to a questionnaire despite a warning that failure to do so could result in dismissal of the case. He has not filed anything else in the case since March 29, 2023. Because the plaintiff failed to a follow court order or otherwise show that he intends to proceed with this case, it should be dismissed.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files his responses to the questionnaire within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 9th day of June, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE